UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD S. BENNETT, <br><br> Petitioner, <br><br> v. <br><br> JASON BENNETT, <br><br> Respondent. | Case No. C24-272-JLR-MLP <br><br> REPORT AND RECOMMENDATION |

### I.    INTRODUCTION

Petitioner Howard Bennett is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has filed a petition for writ of habeas corpus seeking relief from a judgment and sentence entered in Pierce County Superior Court case number 97-1-03508-4. (*See* dkt. # 5 at 1.) Though Petitioner presented his petition to the Court as one filed under 28 U.S.C. § 2241, the Court has construed the petition as one filed under 28 U.S.C. § 2254. (*See* dkt. # 7 at 1-2 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")).) The petition has not been served on Respondent. After careful review of the

REPORT AND RECOMMENDATION
PAGE - 1

petition and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed as untimely.

## II. DISCUSSION

The Court received Petitioner's federal habeas petition for filing on February 28, 2024. (*See* dkt. # 1.) After reviewing the petition, this Court determined that the petition was likely time-barred under the statute of limitations applicable to federal habeas petitions, 28 U.S.C. § 2244(d)(1). Thus, on March 15, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 7.) The Court noted in its Order that: (1) a one-year statute of limitations applies to federal habeas petitions; (2) Petitioner's state court judgment became final for purposes of calculating the federal statute of limitations on December 18, 2000; and (3) Petitioner did not sign his federal habeas petition until February 28, 2024, over 22 years after the statute of limitations expired. (*See id.*)

Petitioner has not responded in any fashion to the Order to Show Cause. As the record makes clear that Petitioner presented his federal habeas petition to the Court for filing many years after the federal statute of limitations expired, and as Petitioner has made no effort to demonstrate that the instant petition qualifies for any exception to the federal statute of limitations, his petition is time-barred and must therefore be dismissed.

## III. CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition (dkt. # 5), and this action, be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1). This Court further recommends that Petitioner's motion requesting judicial notice (dkt. # 6), which was filed in conjunction with the petition, be denied as moot.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation must be filed with the Clerk and served upon all parties not later than **twenty-one (21) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **twenty-one (21) days** from the date they are filed. Responses to objections may be filed within **fifteen (15) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 24, 2024**.

DATED this 2nd day of May, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge