UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD S. BENNETT,<br><br>                Petitioner,<br>   v.<br><br>JASON BENNETT,<br><br>                Respondent. | CASE NO. C24-0272JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Before the court is Magistrate Judge Michelle L. Peterson's report and recommendation, in which she recommends that the court dismiss *pro se* Petitioner Howard S. Bennett's 28 U.S.C. § 2241 petition for a writ of habeas corpus as untimely. (R&R (Dkt. # 8); *see* Petition (Dkt. # 5).)  Mr. Bennett[1] filed timely objections on May 8, 2024. (Obj. (Dkt. # 9).)  The court has considered the report and recommendation, Mr.

---

[1] The petition has not been served on Respondent Jason Bennett. (*See generally* Dkt.) Thus, the court refers to Petitioner Howard S. Bennett as "Mr. Bennett" throughout this order.

ORDER - 1

Bennett's objections, the relevant portions of the record, and the governing law. Being fully advised, the court ADOPTS Magistrate Judge Peterson's report and recommendation and DISMISSES Mr. Bennett's habeas petition with prejudice.

## II.   BACKGROUND

Mr. Bennett is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a state-court judgment and sentence issued in February 1998. (*See* Petition at 1.) Mr. Bennett argues that his confinement is illegal because the Pierce County District Court did not issue a valid arrest warrant in his criminal case. (*See generally* Memorandum (Dkt. # 5-2); Bennett Aff. (Dkt. # 5-1) (describing his efforts to obtain a copy of his arrest warrant).)

On February 28, 2024, Mr. Bennett filed a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed § 2241 petition in this court. (IFP Mot. (Dkt. # 1).) He filed a corrected IFP motion on March 7, 2024. (2d IFP Mot. (Dkt. # 3).) On March 15, 2024, Magistrate Judge Peterson (1) granted Mr. Bennett's corrected IFP motion; (2) filed Mr. Bennett's petition on the docket; and (3) issued an order construing Mr. Bennett's petition as filed pursuant to 28 U.S.C. § 2254 and directing Mr. Bennett to show cause, by no later than April 15, 2024, why the petition should not be dismissed as time-barred. (IFP Ord. (Dkt. # 4); Petition; OSC (Dkt. # 7).) Magistrate Judge Peterson determined that the statute of limitations for Mr. Bennett to file a § 2254 petition relating to his 1998 conviction and sentence expired in December 2001—more than 22 years before Mr. Bennett filed his petition in this case. (OSC at 2-3.)

Mr. Bennett did not respond the order to show cause. (*See generally* Dkt.) Accordingly, on May 2, 2024, Magistrate Judge Peterson filed a report and recommendation in which she recommends dismissing the petition as time-barred. (*See generally* R&R.) Mr. Bennett filed timely objections on May 8, 2024. (*See generally* Obj.)

### III.   ANALYSIS

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Because Mr. Bennett is proceeding *pro se*, the court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Magistrate Judge Peterson recommends that the court construe Mr. Bennett's purported § 2241 habeas petition as a § 2254 habeas petition because Mr. Bennett is in custody pursuant to a state court judgment. (R&R at 1 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)).) She then recommends dismissing the petition as time-barred because Mr. Bennett filed it "many years" after the § 2254 statute of limitations expired, failed to respond to the order to show cause, and "made no effort to demonstrate that [his] petition qualifies for any exception to the federal statute of

1  limitations." (R&R at 2.) Mr. Bennett objects to the report and recommendation on five

2  grounds. The court considers each objection below.

3  First, Mr. Bennett objects that "[t]he Report and Recommendation procedurally

4  recharacterizes the petition" from § 2241 to § 2254. (Obj. at 1.) Although he does not

5  explain in his objections why he believes that Magistrate Judge Peterson erred in doing so

6  (*see generally id.*), he does argue in support of his habeas petition that "his confinement

7  is NOT the result of a criminal court[']s judgment" because his arrest was not the result

8  of a valid arrest warrant (*see generally* Memorandum). On de novo review, the court

9  agrees with and adopts Magistrate Judge Peterson's decision to construe the petition as

10  filed under § 2254. Although Mr. Bennett asserts that the state court judgment was

11  improper, he is nevertheless "a state prisoner in custody pursuant to a state court

12  judgment" and thus any challenge to that judgment must be brought pursuant to § 2254.

13  *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) (explaining that § 2254 is

14  "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a

15  state court judgment," while § 2241 is "available for challenges by a state prisoner who is

16  not in custody pursuant to a state court judgment" (citations omitted)). Therefore, the

17  court OVERRULES Mr. Bennett's first objection.

18  Second, Mr. Bennett objects that "[t]he Report and Recommendation failed to

19  address Petitioner[']s Affidavit in Support of" his § 2241 Petition. (Obj. at 1.) This court

20  has reviewed the affidavit, in which Mr. Bennett discusses his efforts to obtain a copy of

21  his arrest warrant. (*See generally* Bennett Aff.) The court finds nothing in the affidavit

22

to support a finding that Mr. Bennett's petition was timely.  Therefore, the court OVERRULES this objection.

Third, Mr. Bennett objects that "[t]he Report and Recommendation failed to take judicial notice pursuant to the mandatory provision of [Federal Rule of Evidence 201(d)] nor was Petitioner allowed to be heard pursuant to [Federal Rule of Evidence 201(e)]." (Obj. at 2; *see generally* Judicial Notice Mot. (Dkt. # 6).)  The court has reviewed Mr. Bennett's motion for judicial notice and finds nothing in the attached documents that would alter the conclusion that Mr. Bennett's petition was untimely.  Therefore, the court OVERRULES this objection.

Fourth, Mr. Bennett objects that "[t]he Report and Recommendation failed to order the respondent to produce a certified copy of the Arrest Warrant, which is necessary for claim adjudication." (Obj. at 2 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).)  Because the court must dismiss Mr. Bennett's petition as untimely, it cannot grant Mr. Bennett's request for relief.  Therefore, the court OVERRULES this objection.

Finally, Mr. Bennett objects that "[t]he Report and Recommendation failed to consider whether or not an evidentiary hearing would benefit a merits resolution nor [sic] Petitioner's right to contest factual disputes and expand the record." (Obj. at 2 (citing *Townsend v. Sain*, 372 U.S. 293 (1963); *Cullen v. Pinholster*, 563 U.S. 170, 181, 182 (2011)).)  The decision to hold an evidentiary hearing is committed to the court's discretion.  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474.

1  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* Because Mr. Bennett has not identified any evidence that he could present at an evidentiary hearing that would call into question the conclusion that his petition must be dismissed as untimely (*see generally* Obj.), the court OVERRULES this final objection. Thus, having reviewed Magistrate Judge Peterson's report and recommendation de novo, and having overruled all of Mr. Bennett's objections, the court ADOPTS Magistrate Judge Peterson's report and recommendation in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the court OVERRULES Mr. Bennett's objections (Dkt. # 9) and ADOPTS Magistrate Judge Peterson's report and recommendation (Dkt. # 8). The court ORDERS as follows:

1. Mr. Bennett's petition for a writ of habeas corpus (Dkt. # 5) and this action are DISMISSED with prejudice as untimely pursuant to 28 U.S.C. § 2244(d)(1);

2. Mr. Bennett's motion for judicial notice (Dkt. # 6) is DENIED as moot;

3. A certificate of appealability is DENIED for the reasons set forth in the report and recommendation (*see* R&R at 3); and

//
//
//
//
//

4.  The Clerk is DIRECTED to send copies of this order to Mr. Bennett and to Magistrate Judge Peterson.

Dated this 29th day of May, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 7