UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD S. BENNETT, | CASE NO. C24-0272JLR |
| Petitioner, | ORDER |
| v. | |
| JASON BENNETT, | |
| Respondent. | |

**I.   INTRODUCTION**

On May 29, 2024, the court adopted in its entirety Magistrate Judge Michelle L. Peterson's report and recommendation, dismissed *pro se* Petitioner Howard S. Bennett's 28 U.S.C. § 2241 petition for a writ of habeas corpus as untimely, and entered judgment. (5/29/24 Order (Dkt. # 11); Judgment (Dkt. # 12); R&R (Dkt. # 8); Petition (Dkt. #5).)

//

//

//

ORDER - 1

confinement is illegal because the Pierce County District Court did not issue a valid arrest warrant in his criminal case. (*See generally* Memorandum (Dkt. # 5-2); Bennett Aff. (Dkt. # 5-1) (describing his efforts to obtain a copy of his arrest warrant).)

On February 28, 2024, Mr. Bennett filed a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed § 2241 petition in this court. (IFP Mot. (Dkt. # 1).) He filed a corrected IFP motion on March 7, 2024. (2d IFP Mot. (Dkt. # 3).) On March 15, 2024, Magistrate Judge Peterson (1) granted Mr. Bennett's corrected IFP motion; (2) filed Mr. Bennett's petition on the docket; and (3) issued an order construing Mr. Bennett's petition as filed pursuant to 28 U.S.C. § 2254 and directing Mr. Bennett to show cause why the petition should not be dismissed as time-barred because the statute of limitations for Mr. Bennett to file a § 2254 petition relating to his 1998 conviction and sentence expired in December 2001, more than 22 years before Mr. Bennett filed his petition in this case. (IFP Ord. (Dkt. # 4); Petition; OSC (Dkt. # 7).)

Mr. Bennett did not respond the order to show cause. (*See generally* Dkt.) On May 2, 2024, Magistrate Judge Peterson filed a report and recommendation in which she recommended dismissing the petition as time-barred. (*See generally* R&R.) Mr. Bennett filed timely objections on May 8, 2024. (*See generally* Obj.) On May 9, 2024, the court overruled Mr. Bennett's objections; adopted the report and recommendation in its entirety; dismissed Mr. Bennett's habeas petition; and entered judgment. (*See generally* 5/9/24 Order. *See also* Judgment.) The instant motion followed.

ORDER - 3

### III. ANALYSIS

In each of his seven purported motions for relief from judgment, Mr. Bennett cites Federal Rule of Civil Procedure 60(b)(4), which provides that the court may relieve a party from a final judgment if the judgment is void. (*See, e.g.*, Dkt # 15 at 1 (citing Fed. R. Civ. P. 60(b)(4)).) The court also understands that Mr. Bennett seeks relief pursuant to Rule 60(b)(6), which empowers the court to relieve a party from a final judgment for any reason that justifies relief. (*See, e.g.*, Dkt. # 15 at 1 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (stating that the substance of petitioner's motion "made clear that [he] sought relief under Rule 60(b)(6)").) As a remedy, Mr. Bennett "requests this [c]ourt to re open habeas proceedings based on the failure to apply United States Supreme Court precedent in the determination of the Fourth Amendment – Unlawful Seizure claim, presented in his [§] 2241 petition." (*See, e.g.*, Dkt. # 15 at 2 (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).) He also seeks a certificate of appealability "to avoid a dilatory remand for the limited purpose of granting or denying a certificate of appealability." (*See, e.g.*, *id.*)

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez*, 545 U.S. at 528. Rule 60(b)(4) provides relief from a final judgment if it is void as a matter of law. Fed. R. Civ. P. 60(b)(4). "The list of such judgments is 'exceedingly short,' and 'Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015)

ORDER - 4

(quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016).  Rule 60(b)(6), meanwhile, allows a court to relieve a party from a final judgment for any reason justifying relief.  Fed. R. Civ. P. 60(b)(6).  The party seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  The court concludes that Mr. Bennett has failed to make the requisite showing under Rule 60(b)(4) and Rule 60(b)(6).

First, Mr. Bennett "requests an application of the analysis set forth in" *Ornelas v. United States*, 517 U.S. 690 (1996).  (Dkt. # 15 at 1; Dkt. # 16 at 1.)  He asserts that "noteworthy is the historical fa[c]t that petitioner filed a Motion Requesting Evidentiary Hearing pursuant to Evidence Rule 201(e), which received no consideration."  (*See* Dkt. # 15 at 1-2, Dkt. # 16 at 1-2.)  He further asserts that § 2254(d)(2) "commands that a federal habeas court must make as the starting point of their analysis the state court's determination of fact including a mixed question."  (Dkt. # 15 at 2 (citing *Ornelas*, 517 U.S. at 696); Dkt. # 16 at 2 (same).)  In *Ornelas*, the Supreme Court held that "the ultimate questions of reasonable suspicion and probable cause to make a warrantless search [in violation of the Fourth Amendment] should be reviewed *de novo*" on direct appeal.  *Ornelas*, 517 U.S. at 691.  Mr. Bennett did not file a motion requesting an evidentiary hearing in this case (*see generally* Dkt.) and the court was not in a position to review "the state court's determination of fact" because Mr. Bennett's habeas petition was untimely (*see generally* 5/9/24 Order).  Mr. Bennett has not shown that this is one of the "rare instances" justifying relief under Rule 60(b)(4), nor has he demonstrated

ORDER - 5

"extraordinary circumstances" justifying relief under Rule 60(b)(6).  Therefore, the court denies his motion for relief from judgment on the grounds raised in docket numbers 15 and 16.

Second, Mr. Bennett asserts that the court "violated the Magistrates Act and Habeas Rule 8(b) by rechara[c]terizing petitioner's 28 U.S.C. § 2241 to a 28 U.S.C. § 2254." (Dkt. # 17 at 1-2 (citing 28 U.S.C. § 636(b)(1); Rules Governing Section 2254 Cases in the United States District Courts Rule 8(b) (hereinafter "2254 Rule 8(b)"); *Castro v. United States*, 540 U.S. 375 (2003); *Gomez v. United States*, 490 U.S. 858 (1989); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).)  The Magistrates Act provides, in relevant part, that "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Here, the court adopted Magistrate Judge Peterson's recommendation to construe Mr. Bennett's § 2241 petition as a § 2254 petition after conducting a de novo review of Mr. Bennett's petition and his memorandum in support thereof.  (*See* 5/9/24 Order at 4.) The court held that "although Mr. Bennett asserts that the state court judgment was improper, he is nevertheless 'a state prisoner in custody pursuant to a state court judgment' and thus any challenge to that judgment must be brought pursuant to § 2254." (*Id.* (quoting *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018)).  Mr. Bennett does not explain how the court's prior holding is one of the "rare instances" justifying

relief under Rule 60(b)(4) and does not identify "extraordinary circumstances" justifying relief under Rule 60(b)(6).  Thus, the court denies his motion for relief from judgment on the grounds asserted in docket number 17.

Third,  Mr. Bennett asserts that the court "violated the Magistrates Act and Habeas Rule 8(b) by failing to conduct de novo review of the Affidavit in Support of 28 U.S.C § 2241." (Dkt. # 18 at 1-2 (citing 28 U.S.C. § 636(b)(1); 2254 Rule 8(b); *Gomez*, 490 U.S. 858; *Dawson*, 561 F.3d at 932).)   The court, however, reviewed Mr. Bennett's affidavit de novo and found  "nothing in the affidavit to support a finding that Mr. Bennett's petition was timely." (*See* 5/9/24 Order at 4-5 (citing Bennett Aff. (Dkt. # 5-1)).)  Again, Mr. Bennett does not explain how the court's prior ruling qualifies as a "rare instance" or "extraordinary circumstance" justifying relief under Rules 60(b)(4) and (6).  Therefore, the court denies his motion for relief from judgment on the ground asserted in docket number 18.

Fourth, Mr. Bennett asserts that the court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion Requesting Judicial Notice in Support of 28 U.S.C. § 2241." (Dkt. # 19 at 1-2 (citing 28 U.S.C. § 636(b)(1); 2254 Rule 8(b); *Gomez,* 490 U.S. 858; *Dawson*, 561 F.3d at 932; Fed R. Evid. 201(e)).)  The court, however, reviewed Mr. Bennett's motion for judicial notice de novo and found "nothing in the attached documents that would alter the conclusion that Mr. Bennett's petition was untimely."  (5/9/24 Order at 5 (citing Judicial Notice Mot. (Dkt. # 6)).)  Mr. Bennett does not explain why the court's judgment qualifies as one of the "rare instances" or "extraordinary circumstances" justifying relief under Rules 60(b)(4) and

(6). Accordingly, the court denies Mr. Bennett's motion for relief from judgment on the ground asserted in docket number 19.

Fifth, Mr. Bennett asserts that the court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the MOTION REQUESTING BRADY ORDER IN SUPPORT OF 28 U.S.C. § 2241." (Dkt. # 20 at 1-2 (citing *Brady v. Maryland*, 373 U.S. 83 (1963); 28 U.S.C. § 636(b)(1); 2254 Rule 8(b); *Gomez*, 490 U.S. 858; *Dawson*, 561 F.3d at 932).) Mr. Bennett did not, however, file a motion with this court requesting an order pursuant to *Brady v. Maryland* (*see generally* Dkt.), and to the extent Mr. Bennett argued in his objections that the court should order Respondent to produce a certified copy of his arrest warrant, the court concluded that it could not grant that request because Mr. Bennett's petition was untimely (*see* 5/9/24 Order at 5). The court finds no basis for relief pursuant to Rule 60(b) based on the ground asserted in docket number 20.

Finally, Mr. Bennett asserts that the court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to consider if an evidentiary hearing would benefit a merits resolution, nor Petitioner's right to contest factual disputes and expand the record." (Dkt. # 21 at 1-2 (citing *Townsend v. Sain*, 372 U.S. 293 (1963); *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); 28 U.S.C. § 636(b)(1); 2254 Rule 8(b); *Gomez*, 490 U.S. 858; *Dawson*, 561 F.3d at 932).) The court, however, reviewed de novo whether an evidentiary hearing was appropriate in this case and declined to order a hearing because Mr. Bennett "ha[d] not identified any evidence that he could present at an evidentiary hearing that would call into question the conclusion that his petition must be dismissed as

untimely." (5/9/24 Order at 5-6 (citing *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007)).) Thus, the court also denies Mr. Bennett's request for Rule 60(b) relief on the ground asserted in docket number 21.

In sum, Mr. Bennett has not established that this matter qualifies as a "rare instance" justifying relief, nor has he demonstrated "extraordinary circumstances" justifying the reopening of a final judgment. Therefore, the court DENIES Mr. Bennett's motion for relief from judgment.

Mr. Bennett seeks a certificate of appealability in relation to his Rule 60(b) motions. A certificate of appealability "should only issue for [an] appeal arising from the denial of a Rule 60(b) motion in a section 2255 proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015). Mr. Bennett has made neither showing. Accordingly, the court denies Mr. Bennett's request for a certificate of appealability.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Bennett's motion for relief from judgment (Dkt. ## 15-18, 19-21) and DENIES his request for a certificate of appealability.

Dated this 5th day of July, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 10