UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD S. BENNETT,<br><br>               Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>               Respondent. | CASE NO. C24-0272JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court are pro se Petitioner Howard S. Bennett's eighth and ninth motions for relief from judgment. (Dkt. ## 28-29.) Because Respondent Jason Bennett has not been served with Mr. Bennett's petition and has not appeared in this case, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motions before the noting date. See Fed. R. Civ. P. 1 (directing courts to administer the civil rules "to secure the just, speedy, and inexpensive determination of every action and

ORDER - 1

proceeding"). The court has considered Mr. Bennett's[1] motions, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Bennett's eighth and ninth motions for relief from judgment.

## II. BACKGROUND

Mr. Bennett is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a state-court judgment and sentence issued in February 1998. (*See* Petition (Dkt. #5) at 1.) Mr. Bennett argues that his confinement is illegal because the Pierce County District Court did not issue a valid arrest warrant in his criminal case. (*See generally* Memorandum (Dkt. # 5-2); Bennett Aff. (Dkt. # 5-1) (describing his efforts to obtain a copy of his arrest warrant).)

On February 28, 2024, Mr. Bennett filed a motion for leave to proceed *in forma pauperis* ("IFP") and a proposed § 2241 petition in this court. (1st IFP Mot. (Dkt. # 1).) He filed a corrected IFP motion on March 7, 2024. (2d IFP Mot. (Dkt. # 3).) On March 15, 2024, Magistrate Judge Peterson (1) granted Mr. Bennett's corrected IFP motion; (2) filed Mr. Bennett's petition on the docket; and (3) issued an order construing Mr. Bennett's petition as filed pursuant to 28 U.S.C. § 2254 and directing Mr. Bennett to show cause why the petition should not be dismissed as time-barred because the statute of limitations for Mr. Bennett to file a § 2254 petition relating to his 1998 conviction and sentence expired in December 2001, more than 22 years before Mr. Bennett filed his petition in this case. (IFP Ord. (Dkt. # 4); Petition; OSC (Dkt. # 7).)

---

[1] Because Jason Bennett has not appeared in this action, the court refers to Petitioner Howard S. Bennett as "Mr. Bennett" throughout this order.

ORDER - 2

1     Mr. Bennett did not respond the order to show cause.  (*See generally* Dkt.)  On May 2, 2024, Magistrate Judge Peterson filed a report and recommendation in which she recommended dismissing the petition as time-barred.  (*See generally* R&R (Dkt. # 8).)  Mr. Bennett filed timely objections on May 8, 2024.  (*See generally* Obj. (Dkt. # 9).)  On May 29, 2024, the court overruled Mr. Bennett's objections; adopted the report and recommendation in its entirety; dismissed Mr. Bennett's habeas petition; and entered judgment.  (*See generally* 5/29/24 Order (Dkt. # 11); *see also* Judgment (Dkt. # 12).)

    On June 5, 2024, Mr. Bennett filed a notice of appeal of the court's order dismissing his case.  (NOA (Dkt. # 13).)  Between June 11, 2024, and June 25, 2024, Mr. Bennett filed seven motions for relief from judgment.  (*See* Dkt. ## 15-21.)  The court denied all seven motions on July 5, 2024.  (*See* 7/5/24 Order (Dkt. # 22).)  Mr. Bennett filed a notice of appeal of the court's order denying his motions for relief from judgment on July 11, 2024.  (2d NOA (Dkt. # 23).)

    Mr. Bennett filed an eighth motion for relief from judgment on August 8, 2024.  (*See* Dkt. # 26.)  Because the version of the motion that was filed on the docket was missing pages, the court struck that motion and granted Mr. Bennett leave to re-file the complete motion.  (*See* 8/12/24 Min. Order (Dkt. # 27).)  Mr. Bennett timely re-filed his eighth motion on August 16, 2024.  (*See* Dkt. # 28.)  He filed his ninth motion for relief from judgment that same day.  (*See* Dkt. # 29.)

### III.    ANALYSIS

    In each of his motions for relief from judgment, Mr. Bennett cites Federal Rule of Civil Procedure 60(b)(4), which provides that the court may relieve a party from a final

judgment if the judgment is void.  (*See* Dkt. # 28 at 1 (citing Fed. R. Civ. P. 60(b)(4)); Dkt. # 29 at 1 (same).)  The court also understands that Mr. Bennett seeks relief pursuant to Rule 60(b)(6), which empowers the court to relieve a party from a final judgment for any reason that justifies relief.  (*See, e.g.*, Dkt. # 28 at 1 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 n.1 (2005) (stating that the substance of petitioner's motion "made clear that [he] sought relief under Rule 60(b)(6)").)  As a remedy, Mr. Bennett "requests this [c]ourt to re open habeas proceedings based on the failure to apply United States Supreme Court precedent in the determination of the Fourth Amendment Unlawful Seizure claim, presented in his 28 U S C [§] 2241 petition."  (*See, e.g.*, Dkt. # 28 at 2 (citing *Williams v. Taylor*, 529 U.S. 362 (2000)).)  He also seeks a certificate of appealability "to avoid a dilatory remand for the limited purpose of granting or denying a Certificate of Appealability."  (*See, e.g., id.*)

      Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."  *Gonzalez*, 545 U.S. at 528.  Rule 60(b)(4) provides relief from a final judgment if it is void as a matter of law.  Fed. R. Civ. P. 60(b)(4).  "The list of such judgments is 'exceedingly short,' and 'Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'"  *Dietz v. Bouldin*, 794 F.3d 1093, 1096 (9th Cir. 2015) (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010)), *aff'd*, 579 U.S. 40 (2016).  Rule 60(b)(6), meanwhile, allows a court to relieve a party from a final judgment for any reason justifying relief.  Fed. R. Civ. P. 60(b)(6).  The party

seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  The court concludes that Mr. Bennett has failed to make the requisite showings under Rule 60(b)(4) and Rule 60(b)(6).

First, Mr. Bennett asserts that the court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the Motion for Judicial Notice in support of 28 U.S.C. § 2241." (Dkt. # 28 at 1-2 (citing 28 U.S.C. § 636(b)(1); Rules Governing Section 2254 Cases in the United States District Courts Rule 8(b) (hereinafter "2254 Rule 8(b)"); *Gomez v. United States*, 490 U.S. 858 (1989); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009)).)  Mr. Bennett, however, already moved for relief from judgment on this ground (*see* Dkt. # 19 at 1-2) and the court denied that motion in its July 5, 2024 order (*see* 7/5/24 Order at 7-8).  Mr. Bennett does not explain why the court's judgment qualifies as one of the "rare instances" or "extraordinary circumstances" justifying relief under Rules 60(b)(4) and (6). (*See generally* Dkt. # 28.)  Accordingly, the court denies Mr. Bennett's motion for relief from judgment on the ground asserted in docket number 28.

Second, Mr. Bennett asserts that the court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of the Request for Certification." (Dkt. # 29 at 1-2 (citing 28 U.S.C. § 636(b)(1); 2254 Rule 8(b); *Gomez* 490 U.S. 858; *Dawson*, 561 F.3d at 932).)  The Magistrates Act provides, in relevant part, that "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "The statute

ORDER - 5

makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Here, Mr. Bennett did not object to Magistrate Judge Peterson's recommendation that the court deny a certificate of appealability.  (*See generally* Obj.)  As a result, the court was not required to conduct a de novo review of that recommendation.  (5/29/24 Order at 6 (citing R&R at 3).)  Nevertheless, the court conducted a de novo review of the recommendation and sees no reason to disturb its original denial of a certificate of appealability.

In sum, Mr. Bennett has not established that this matter qualifies as a "rare instance" justifying relief, nor has he demonstrated "extraordinary circumstances" justifying the reopening of a final judgment.  Therefore, the court DENIES Mr. Bennett's motion for relief from judgment.

Mr. Bennett seeks a certificate of appealability in relation to his Rule 60(b) motions.  A certificate of appealability "should only issue for [an] appeal arising from the denial of a Rule 60(b) motion in a [habeas] proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015) (interpreting 28 U.S.C. § 2253, which governs appeals of state and federal habeas orders).  Mr. Bennett has made neither showing.  Accordingly, the court denies Mr. Bennett's request for a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Bennett's eighth and ninth motions for relief from judgment (Dkt. ## 28-29) and DENIES his request for a certificate of appealability.

Dated this 19th day of August, 2024.

JAMES L. ROBART
United States District Judge