UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOWARD S. BENNETT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JASON BENNETT,<br><br>　　　　　Respondent. | CASE NO. C24-0272JLR<br><br>ORDER |

### I.　　INTRODUCTION

Before the court is pro se Petitioner Howard S. Bennett's tenth motion for relief from judgment. (Mot. (Dkt. # 32).) Because Respondent Jason Bennett has not been served with Mr. Bennett's petition and has not appeared in this case, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide the motions before the noting date. *See* Fed. R. Civ. P. 1 (directing courts to administer the civil rules "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The

ORDER - 1

court has considered Mr. Bennett's[1] motion, the relevant portions of the record, and the governing law. Being fully advised, the court DENIES Mr. Bennett's tenth motion for relief from judgment.

## II.   BACKGROUND[2]

The court dismissed Mr. Bennett's habeas petition and entered final judgment on May 29, 2024. (5/29/24 Order (Dkt. # 11); Judgment (Dkt. # 12).) On June 5, 2024, Mr. Bennett filed a timely notice of appeal. (NOA (Dkt. # 13).)

Between June 11, 2024, and June 25, 2024, Mr. Bennett filed seven motions for relief from judgment. (*See* Dkt. ## 15-21.) The court denied the motions on July 5, 2024. (7/5/24 Order (Dkt. # 22).) Mr. Bennett filed a notice of appeal of that order on July 11, 2024. (2d NOA (Dkt. # 23).)

Mr. Bennett filed his eighth and ninth motions for relief from judgment on August 16, 2024. (*See* Dkt. ## 28, 29.) The court denied the motions on August 19, 2024. (8/19/24 Order (Dkt. # 30).) Mr. Bennett filed a notice of appeal of that order and his tenth motion for relief from judgment on August 28, 2024. (3d NOA (Dkt. # 31); Mot.)

## III.   ANALYSIS

In his motion, Mr. Bennett invokes Federal Rule of Civil Procedure 60(b)(4), which the court liberally construes as a motion for relief under Rule 60(b)(1), which

---

[1] Because Jason Bennett has not appeared in this action, the court refers to Petitioner Howard S. Bennett as "Mr. Bennett" throughout this order.

[2] The court set forth the background of this case in its previous orders denying Mr. Bennett's motions for relief from judgment. (7/5/24 Order (Dkt. # 22); 8/19/24 Order (Dkt. # 30).) Therefore, the court focuses here on the background relevant to the instant motion.

governs relief from judgment for mistakes of law. (Mot. at 1 (citing Fed. R. Civ. P. 60(b)(4) (enabling a court to grant relief from judgment when the judgment is void))); *see Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 410 (C.D. Cal. 2016) (construing a Rule 60(b)(4) motion as a Rule 60(b)(3) motion under the facts of that case because "[i]f the court had jurisdiction of the cause and the party, its judgment is not void, but only voidable by writ of error" (quoting *Ball v. United States*, 163 U.S. 662, 669-70 (1896))). The court denies Mr. Bennett's motion as untimely.

Under Rule 60(c)(1), a motion for relief from judgment "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(1) motion asserting a mistake of law is not "filed 'within a reasonable time' unless it was filed within the time for taking an appeal" from the judgment. *Wolff v. California*, 236 F. Supp. 3d 1154, 1163-64 (C.D. Cal. 2017) (quoting *Inland Concrete*, 318 F.R.D. at 411, and compiling cases). This is because a Rule 60(b)(1) motion is not a substitute for a timely appeal. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). Here, the court entered judgment on May 29, 2024 (*see* Judgment), but Mr. Bennett did not file the instant motion for relief from judgment until August 28, 2024 (*see* Mot.). Accordingly, the court concludes that Mr. Bennett's motion is untimely and must be denied for that reason.

Even if the motion were timely, the court would nevertheless deny it. Mr. Bennett asserts that the court erred by "interpret[ing] and recharacteriz[ing]" his 28 U.S.C. § 2241 habeas petition as a 28 U.S.C. § 2254 petition, and asserts that by doing so the court suspended his right of habeas corpus. (*See* Mot. at 2.) The court has already addressed Mr. Bennett's objection to the recharacterization of his petition twice in this litigation and

twice concluded that the recharacterization of the petition was appropriate.  (5/29/24 Order at 4; 7/5/24 Order at 6.)  Mr. Bennett's appeal is thus the appropriate vehicle for challenging the court's ruling.

Finally, the court denies a certificate of appealability.  A certificate of appealability "should only issue for [an] appeal arising from the denial of a Rule 60(b) motion in a [habeas] proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [habeas] motion states a valid claim of the denial of a constitutional right."  *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015)).  Mr. Bennett has made neither showing.  Accordingly, the court denies a certificate of appealability

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Bennett's tenth motion for relief from judgment (Dkt. # 32) and DENIES a certificate of appealability.  The Clerk is DIRECTED not to calendar any future motions for relief from judgment filed in this closed case.

Dated this 29th day of August, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 4